Howard N. Wisnia (Bar No. 184626)
**WISNIA PC**
12707 High Bluff Dr., Suite 200
San Diego, CA 92130
Tel: (858) 461-0989
Howard@wisnialaw.com

*Attorney for Plaintiff*

[Additional counsel listed on signature page.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTEN N. COOLEY, guardian of the estate of NOLAN OCEAN COOLEY, a minor,<br><br>*Plaintiff*,<br><br>vs.<br><br>TARGET CORPORATION, TARGET ENTERPRISE, INC., and JOHN DOES 1-10,<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF U.S. COPYRIGHT LAWS AND DEMAND FOR JURY TRIAL** |

1.  Plaintiff Kristen N. Cooley, in her capacity as guardian of the estate of Nolan Ocean Cooley, a minor, brings these claims and causes of actions against Defendants Target Corporation, Target Enterprise Inc. and John Does 1-10 (collectively, "Defendants" or "Target"), as follows:

### I. THE PARTIES

2.  Plaintiff, Kristen N. Cooley, guardian of the estate of her minor son, Nolan Ocean Cooley, brings this action in her capacity as such. Proof of Kristen Cooley's lawful appointment by the Superior Court of California, County of San Diego, as guardian of

Nolan's estate is submitted herewith, along with copies of the Order Appointing Guardian and Letters of Guardianship allowing for the filing of the copyright registrations, engaging counsel and filing this suit, as Exhibit A. The Cooleys are residents and citizens of the State of California. Nolan is the original author and Cooley is the owner of the Copyrighted Works (identified and defined further below), which have been validly and duly registered by the United States Copyright Office.[1]

3. Defendant, Target Corporation, is a publicly-traded, Minnesota corporation that actively does and has done business in the State of California pursuant to its registration with the Secretary of State of the State of California. Target Corporation may be served with process through its registered corporate agent for service of process: CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017. Target Corporation's common stock trades on the New York Stock Exchange under the ticker symbol, "TGT," and Target Corporation is the parent company of numerous Target-owned subsidiaries, affiliates and other entities.

4. Defendant, Target Enterprise, Inc., is a wholly owned subsidiary of Defendant, Target Corporation. Target Enterprise, Inc. is a Minnesota corporation that actively does and has done business in the State of California pursuant to its registration with the Secretary of State of the State of California. Target Enterprise, Inc. may be served with process through its registered corporate agent for service of process: CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

5. The parent company, Defendant Target Corporation, and its subsidiary, Defendant Target Enterprise, Inc., as well as the agents, servants, employees, designers, distributors, vendors, manufacturers, factories, subsidiaries and affiliates of Target Corporation and Target Enterprise, Inc., who acted on behalf of and within the course and scope of their agency relationship with Target Corporation and/or Target Enterprise, Inc.,

---

[1] For simplicity, "Kristen N. Cooley, Guardian of the Estate of Nolan Ocean Cooley, a minor" shall be referred to herein as "Plaintiff" or "Cooley." Nolan Ocean Cooley, a minor, shall be referred to as "Nolan."

including at least John Does 1-10 (defined below), are collectively referred to herein as "Target" and/or "Defendants."

6. Target is one of the largest and most recognizable retail conglomerates in the United States. As of February 1, 2020, Target owned and/or operated 1,868 retail stores and 42 distribution centers across the U.S., including at least one retail store in all 50 States and 297 retail stores in the State of California—nearly double the amount of retail stores Target operates in any other of the 50 States.[2] To the public, Target: (i) describes itself as "a general merchandise retailer with stores in all 50 U.S. states and the District of Columbia;" (ii) describes its retail stores as "truly the heart of Target;" and (iii) represents that "75% of the U.S. population lives within 10 miles of a Target store." According to Target, its business is providing customers with "everyday essentials and fashionable, differentiated merchandise at discounted prices."

7. In 2019, Target generated over $77 billion in sales. "Approximately one-third" of this sales revenue was generated by sales related to Target's "owned and exclusive brands," which include, among others, "Cat & Jack™"—a brand that Target exclusively owns and uses to sell products, including clothing, accessories, and other merchandise, targeted to young children.

8. Defendants John Does 1-10, are, upon information and belief, individuals and/or business entities who are and/or were at all relevant times alleged herein the agents, servants, employees, designers, distributors, vendors, manufacturers, factories and/or subsidiaries or affiliates of Target. In this capacity and within the course and scope of their agency relationship with Target, John Does 1-10, directly and personally contributed to, induced and/or engaged in the copying, reproduction, distribution and public display of, and/or the preparation of derivative works from, the Copyrighted Works detailed herein. Due to the secretive nature of the activities and identities of John Does 1-10, however,

---

[2] According to Target's sworn statements filed with the U.S. Securities and Exchange Commission ("SEC"), as of February 1, 2020, the top five (5) States in which Target owned and/or operated retail stores was as follows: (1) California – 297 stores; (2) Texas – 150 stores; (3) Florida – 124 stores; (4) Illinois – 95 stores; and (5) New York – 84 stores.

Plaintiff is presently unaware of the true names and identities of John Does 1-10. Accordingly, Plaintiff names these individuals and/or entities through the fictitious names, "John Does 1-10." Plaintiff anticipates these identities will be disclosed during discovery upon inspection of the records maintained by Target, and will amend this complaint in due course to state the true identities of these fictitious Defendants once known.

## II.     JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to federal statute—the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*. This Court, thus, has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 17 U.S.C. § 501.

10. This Court has both general and specific personal jurisdiction over Defendants because Defendants have substantial contacts with the State of California such that the exercise of this Court's jurisdiction over Defendants does not and will not offend traditional notions of fair play and substantial justice. In particular, Defendants have engaged in continuous and systematic activities within the State of California, including owning and operating 297 retail stores and at least two (2) corporate offices in the State and maintaining a registration with the Secretary of State under which Defendants have continually and systematically conducted business activities within the State and purposefully availed themselves of the privilege of doing such business within the State over the past several decades. Moreover, Defendants purposefully directed their business activities at residents of the State of California, including within this Judicial District, and Defendants committed tortious and illegal acts from which the claims alleged herein arise within the State of California by offering for sale counterfeit and unlawful copies and/or derivative works of the Copyrighted Works at Defendants' retail stores located in California, including in this Judicial District, as well as Defendants' online digital sales channels and internet platforms accessible by and available to residents of California and this Judicial District.

11. Venue is proper in this Court under 28 U.S.C. § 1400(a) because Defendants and their agents reside and/or "may be found" within this Judicial District and are subject

to personal jurisdiction within this District. Defendants' registered agent for service of process resides and may be found within this Judicial District, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017. Moreover, Target owns and/or operates 297 retail stores in the State of California, including dozens that are located in Orange County and other counties within this District and Division.[3] In 2009, this Court found that Target owned and operated "123 stores in this judicial district, thus establishing minimum contacts with the State of California" and rendering venue proper against Target in this judicial district and division—the Southern Division (Orange County) of the U.S. District Court for the Central District of California—under 28 U.S.C. § 1391. *See Centon Elecs., Inc. v. Target Corp.*, Case No. 8:09-cv-00534-DOC-RNB (ECF No. 21), 2009 U.S. Dist. LEXIS 135937,

---

[3] For example, Target resides and/or may be found at the following Target locations in Orange County, at a minimum: (1) Target – Aliso Viejo, 26932 La Paz Rd., Aliso Viejo, CA 92656-3038; (2) Target – Anaheim, 101 S. Euclid St., Anaheim, CA 92802-1011; (3) Target – Anaheim East, 2222 E. Lincoln Ave., Anaheim, CA 92806-4107; (4) Target – Brea, 855 E. Birch St., Brea, CA 92821-5769; (5) Target – Buena Park, 7530 Orangethorpe Ave., Buena Park, CA 90621-3429; (6) Target – Costa Mesa, 3030 Harbor Blvd., Ste. A, Costa Mesa, CA 92626-2562; (7) Target – Cypress, 6835 Katella Ave., Cypress, CA 90630-5107; (8) Target – Fullerton South, 200 W Orangethorpe Ave., Fullerton, CA 92832-2900; (9) Target – West Fullerton, 1893 W. Malvern Ave., Fullerton, CA 92833-2403; (10) Target – Fullerton Yorba Linda, 2920 Yorba Linda Blvd., Fullerton, CA 92831-1523; (11) Target – Garden Grove Harbor, 12100 Harbor Blvd., Garden Grove, CA 92840-4004; (12) Target – Huntington Beach East, 9882 Adams Ave., Huntington Beach, CA 92646-4808; (13) Target – Irvine, 3750 Barranca Pkwy., Irvine, CA 92606-8200; (14) Target – Irvine University Town Center, 4255 Campus Dr., Ste. A150, Irvine, CA 92612-2668; (15) Target – Irvine North, 13200 Jamboree Rd., Irvine, CA 92602-2307; (16) Target – Irvine Spectrum, 900 Spectrum Center Dr., Irvine, CA 92618-4958; (17) Target – La Habra, 1000 W. Imperial Hwy., La Habra, CA 90631-6901; (18) Target – Mission Viejo, 24500 Alicia Pkwy., Mission Viejo, CA 92691-4508; (19) Target – Mission Viejo N., 25601 Jeronimo Rd., Mission Viejo, CA 92691-2794; (20) Target – Mission Viejo South, 27551 Puerta Real, Mission Viejo, CA 92691-6321; (21) Target – Orange, 2191 N. Tustin St., Orange, CA 92865-3701; (22) Target – East Orange, 2620 E. Chapman Ave., Orange, CA 92869-3205; (23) Target – Rancho Santa Margarita, 30602 Santa Margarita Pkwy., Rancho Santa Margarita, CA 92688-2814; (24) Target – San Clemente, 990 Avenida Vista Hermosa, San Clemente, CA 92673-6360; (25) Target – Santa Ana NW, 1441 W. 17th St., Santa Ana, CA 92706-3301; (26) Target – Santa Ana South Coast, 3300 S. Bristol St., Santa Ana, CA 92704-7246; (27) Target – Santa Ana 17th Street, 1330 E. 17th St., Santa Ana, CA 92705-8500; (28) Target – Seal Beach, 12300 Seal Beach Blvd., Seal Beach, CA 90740-2709; (29) Target – Tustin, 2300 Park Ave., Tustin, CA 92782-2702; and (30) Target – Westminster, 16400 Beach Blvd., Westminster, CA 92683-7858.

at *8-9 (C.D. Cal. June 18, 2009) (Carter, J.).

### III. FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference and realleges all preceding paragraphs, allegations and assertions, as if fully set forth herein.

13. This case involves one particular collection of Nolan's original works of art: his sketch-style dot art. The calling card of Nolan's original works in this collection is the unique manner in which he has designed, created, combined, arranged and colored imperfect, sketch-style dots that he hand-drew into idiosyncratic patterns.

14. Plaintiff is the valid owner of registered copyrights for 15 works of sketch-style dot art that Nolan originally created (collectively the "Copyrighted Works"). The Copyrighted Works are each entitled "Circle Happiness" and are validly registered with the U.S. Copyright Office under the following official Registration Numbers: (1) Copyrighted Work No. 1 – Registration No. VA 2-202-200; (2) Copyrighted Work No. 2 – Registration No. VA 2-202-255; (3) Copyrighted Work No. 3 – Registration No. VAu 1-393-682; (4) Copyrighted Work No. 4 – Registration No. VAu 1-393-573; (5) Copyrighted Work No. 5 – Registration No. VAu 1-393-686; (6) Copyrighted Work No. 6 – Registration No. VA 2-202-261; (7) Copyrighted Work No. 7 – Registration No. VA 2-202-259; (8) Copyrighted Work No. 8 – Registration No. VAu 1-393-684; (9) Copyrighted Work No. 9 – Registration No. VA 2-202-257; (10) Copyrighted Work No. 10 – Registration No. VAu 1-393-681; (11) Copyrighted Work No. 11 – Registration No. VAu 1-393-690; (12) Copyrighted Work No. 12 – Registration No. VAu 1-393-680; (13) Copyrighted Work No. 13 – Registration No. VA 2-202-254; (14) Copyrighted Work No. 14 – Registration No. VA 2-202-202; and (15) Copyrighted Work No. 15 – Registration No. VA 2-202-203.

15. Each of the Copyrighted Works are comprised of numerous original and creative creative elements that are protected from copying, reproduction, display, sale or distribution by another under the Copyright Act.

16. Moreover, and independently, Nolan's selection, arrangement, coordination, and combination of each of the elements he elected to use to create the pictorial Copyrighted

Works were original and creative, and are protected from copying, reproduction, display, sale or distribution by another under the Copyright Act.

17. Nolan and Cooley have not abandoned the copyrights in the Copyrighted Works and exclusive rights therein, or any interest in their exploitation or commercial use.

18. Target had access to Nolan's original dot-style art, including many of the Copyrighted Works, as early as 2012, when the Cooleys began publishing Nolan's works online.

19. Prior to publishing and selling the Infringing Works and certainly by no later than June 2018, Target was fully aware of and had access to Nolan's Copyrighted Works.

20. Target not only had access, but in fact, accessed Nolan's Copyrighted Works prior to infringement.

21. Target has sold products that misappropriate the original expressions in the Copyrighted Works and/or were derviate works of the Copyrighted Works (the "Infringing Products"). The Infringing Products include a line of clothing and other merchandise for young children under Target's exclusive Cat & Jack™ brand. The Infringing Products include, but on information and belief, are not limited to, the following Target products identified by their Product SKU Number: (1) Product SKU No. 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; (2) Product SKU No. 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; (3) Product SKU No. 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; (4) Product SKU No. 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; (5) Product SKU No. 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; (6) Product SKU No. 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; (7) Product SKU No. 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; (8) Product SKU No. 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; (9) Product SKU No. 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; (10) Product SKU No. 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; (11) Product SKU No. 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; (12) Product SKU No. 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; (13) Product SKU No. 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; (14) Product SKU No. 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; (15) Product SKU No. 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; (16) Product SKU No. 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; and (17) Product SKU No. 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.

22. Based on information and belief, Target produced and sold many additional Infringing Products that infringed the Copyrighted Works, which may be identified in more detail upon review of Target's internal records and inventories through discovery in this action.

23. The Infringing Products are virtually identical and/or substantially similar to the protected elements and creative expressions in the Copyrighted Works, including by way of example, the design, selection, arrangement, and combination of each of the elements that comprise the Copyrighted Works.

24. The Infringing Products are further virtually identical and/or substantially similar to the Copyrighted Works in terms of their overall look, concept and feel.

25. The Infringing Products are further virtually identical and/or substantially similar to the Copyrighted Works in terms of their appearance, subject matter, shapes, colors, materials and arrangement, as reflected in the objective details of both the Copyrighted Works and the Infringing Products.

26. Target knowingly and willfully copied and unlawfully misappropriated the protected elements of the Copyrighted Works in the Infringing Products.

27. Target sold the Infringing Products in its physical stores in the State of California and around the country.

28. Target similarly sold the Infringing Products on Target's online website, available to individuals throughout the United States and around the world.

29. By selling the Infringing Products, Target unlawfully derived substantial ill-gotten revenues and profit.

### IV.   CAUSES OF ACTION

#### Count I
#### (Direct Copyright Infringement in Violation of 17 U.S.C. § 501, *et seq.*)

30. Plaintiff incorporates by reference and realleges all preceding paragraphs, allegations and assertions, as if fully set forth herein.

31. Nolan is the original author and creator of the Copyrighted Works.

32. Cooley is the valid and registered owner of the Copyrighted Works and, thus, lawfully owns the exclusive right to reproduce, copy or otherwise make copies of the Copyrighted Works, to prepare derivative works based upon the Copyrighted Works, to sell or otherwise commercially benefit from the Copyrighted Works, or to display or otherwise

distribute to the public the Copyrighted Works or any copies thereof.

33. Target infringed Cooley's exclusive copyrights in the Copyrighted Works, including the right to reproduce, copy or otherwise make copies of the Copyrighted Works, to prepare derivative works based upon the Copyrighted Works, to sell or otherwise commercially benefit from the Copyrighted Works, or to display or otherwise distribute to the public the Copyrighted Works or any copies thereof.

34. Target had no permission, authorization, license or other right to infringe the Copyrighted Works.

35. Target had full access to and awareness of the Copyrighted Works prior to making the Infringing Products available for sale.

36. Target had access to the Copyrighted Works prior to launching Target's original Cat & Jack™ products in or around July 2016. And, Target had access to the Copyrighted Works prior to contacting Nolan in the summer of 2018.

37. Target's Infringing Products unlawfully copy the original, creative elements of the Copyrighted Works.

38. Target's Infringing Products represent illegal copies of and/or derivative works from the Copyrighted Works.

39. Target's Infringing Products are virtually identical and/or substantially similar to the original and creative expressions of Nolan in the Copyrighted Works, including the design, selection, arrangement and combination of the numerous elements that comprise the Copyrighted Works.

40. Target's Infringing Products are virtually identical and/or substantially similar to the Copyrighted Works in terms of their overall look, concept and feel.

41. Target's Infringing Products are virtually identical and/or substantially similar to the Copyrighted Works in terms of their appearance, subject matter, shapes, colors, materials, and arrangement, as reflected in the objective details of both the Copyrighted Works and the Infringing Products.

42. Target's acts detailed herein constitute infringement of the Copyrighted Works


in violation of 17 U.S.C. §§ 501, *et seq.*

43. Target's acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with deliberate indifference to Cooley's exclusive rights.

44. Cooley has suffered actual damages as a direct and proximate result of Target's infringement of the Copyrighted Works through Target's actions alleged herein.

45. Target has unlawfully derived substantial ill-gotten gains in the forms of revenue and profit generated from its willful and knowing infringement of the Copyrighted Works through selling the Infringing Products throughout the United States, including in the State of California.

46. Under the copyright laws of the United States, Cooley is entitled to recover actual damages and disgorgement of Target's unlawful profits derived from the sale of the Infringing Products; or, at Cooley's exclusive election, to recover statutory damages in the maximum amount allowable by law.

47. Under the copyright laws of the United States, Cooley is entitled to recover "full costs" of bringing this action, including reasonable attorneys' fees.

## Count II
### (Inducement and Contributory Copyright Infringement)

48. Plaintiff incorporates by reference and realleges all preceding paragraphs, allegations and assertions, as if fully set forth herein.

49. Target has induced, caused, and/or materially contributed to the unauthorized reproduction, copying, display, commercial sale and public distribution of the Copyrighted Works on the internet, on Target's websites and at Target's more than 1,800 physical stores across the United States, including in the State of California.

50. Target's conduct alleged herein constitutes contributory infringement of the Copyrighted Works.

51. Target's acts detailed herein have been deliberate, willful, intentional, purposeful, in reckless disregard of, and taken with deliberate indifference to Cooley's exclusive rights.

52. As a direct and proximate result of Target's acts and conduct alleged herein, Cooley has suffered actual damages and Target has unlawfully derived substantial ill-gotten gains in the forms of revenues and profits from the sales of the Infringing Products.

53. Under the copyright laws of the United States, Cooley is entitled to recover actual damages and disgorgement of Target's unlawful profits derived from the sale of the Infringing Products; or, at Cooley's exclusive election, to recover statutory damages in the maximum amount allowable by law.

54. Under the copyright laws of the United States, Cooley is further entitled to recover "full costs" of bringing this action, including reasonable attorneys' fees.

## V.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for relief and judgment, as follows:

1. That judgment be entered for Plaintiff against Defendants on each of Plaintiff's claims for relief;

2. For an award of any and all damages available to and/or sustained by Plaintiff, including but not limited to an award of damages pursuant to 17 U.S.C. § 504 that includes full restitution, actual damages suffered as a result of Defendants' unlawful infringement, and disgorgement of all revenues and/or profits derived by Defendants as a result of Defendants' infringement in an amount to be proven at trial; or, alternatively and at Plaintiff's election, the maximum amount of statutory damages allowable under 17 U.S.C. § 504 with respect to each of the Copyrighted Works;

3. For an award of Plaintiff's "full costs" and reasonable attorneys' fees in this action pursuant to 17 U.S.C. § 505 and any other applicable law;

4. For pre-judgment and post-judgment interest according to applicable law; and

5. For such other and further relief as may be just, equitable and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and this Court's Local Rule 38-1, Plaintiff hereby explicitly demands a trial by jury on all triable claims and issues.

Dated: May 11, 2020

Respectfully submitted,

**WISNIA PC**

By: /s/ Howard N. Wisnia
Howard N. Wisnia (SBN 184626)
12707 High Bluff Dr., Suite 200
San Diego, CA 92130
Tel: (858) 461-0989
Howard@wisnialaw.com

**NIX PATTERSON, LLP**
Jeffrey J. Angelovich (*pro hac vice* forthcoming)
Bradley E. Beckworth (*pro hac vice* forthcoming)
Lisa P. Baldwin (*pro hac vice* forthcoming)
Ross Leonoudakis (*pro hac vice* forthcoming)
Cody L. Hill (*pro hac vice* forthcoming)
3600 N. Capital of Texas Hwy.,
Suite 350
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5332
jangelovich@nixlaw.com
bbeckworth@nixlaw.com
lbaldwin@nixlaw.com
rossl@nixlaw.com
codyhill@nixlaw.com

-and-

Susan Whatley (*pro hac vice* forthcoming)
P.O. Box 178
Linden, TX 75563
Tel: (903) 215-8310
swhatley@nixlaw.com

*Attorneys for Plaintiff*